UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

SHAKTI RADHAKISHUN,

        Plaintiff,
v.

CREDITWORKS LLC, a Florida limited liability company, and MARION HARDIE MATHES, an individual,

        Defendants.
_____/

## COMPLAINT

Plaintiff, Shakti Radhakishun, sues Defendants CreditWorks LLC ("CreditWorks") and Marion Hardie Mathes, and states:

## SUMMARY

1. This action is brought to recover damages for violation of 29 U.S.C. 201, *et seq*. (the "FLSA"), breach of oral contract, unjust enrichment, liquidated damages, statutory penalties, and damages owed to Plaintiff, who was formerly employed by Defendants.

2. Plaintiff was an employee of Defendants (as specified herein) and was not paid her wages or a minimum wage and in direct violation of the FLSA within the past three years.

3. Defendants (as specified herein) willfully and intentionally failed to pay to Plaintiff the compensation required by the FLSA.

4. Further, Defendant CreditWorks breached the terms of the oral contract by and between it and the Plaintiff and were unjustly enriched as a result of the Plaintiff working without pay.

5. Defendants also retaliated against the Plaintiff by terminating her employment after she complained to the Defendants about their violation of the FLSA.

## JURISDICTION, VENUE AND PARTIES

6. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§1331 and 1337.

7. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391.

8. Defendant, CreditWorks, is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida, is engaged in commerce in the short term lending business, is engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

9. Defendant, Marion Hardie Mathes, is a resident of Miami-Dade County, Florida.

10. Defendant CreditWorks employed Plaintiff as a senior vice president.

11. Defendant Marion Hardie Mathes is Chief Executive Officer of Defendant CreditWorks, and was also Plaintiff's "employer" as defined by the FLSA (29 U.S.C. § 203(d)) because she was responsible for paying Plaintiff's wages for the relevant time period (and personally ran payroll for CreditWorks), she controlled Plaintiff's rate of pay, nature of work performed, schedule of work, and she maintained the Plaintiff's employment records.

12. Defendant, Marion Hardie Mathes also was an employer pursuant to 29 USC § 203(d) because she acted directly and indirectly in the interest of Defendant CreditWorks, and had the power to direct employees' actions. Indeed, Marion Hardie Mathes had management responsibilities, a degree of control over the company's financial affairs and compensation practices, and was in a position to exert substantial authority over company policy relating to

employee wages and whether to compensate (or not compensate) employees at CreditWorks in according with the FLSA.

13. Plaintiff worked for the Defendants, and Plaintiff was at all times material hereto "engaged in commerce," within the meaning of 29 U.S.C. §§ 206(a) and 207(a)(1), of the FLSA.

14. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

15. All conditions precedent to bringing this lawsuit have been satisfied, excused or waived.

16. Plaintiff retained the undersigned counsel to represent her in this litigation and agreed to pay a reasonable fee for undersigned counsel's services.

## COUNT I - FLSA VIOLATIONS
**(Plaintiff against Defendant CreditWorks LLC)**

17. Plaintiff re-states the allegations set forth in paragraphs 1-16, as if fully set forth herein.

18. At various times during the three years preceding the filing of this complaint, Plaintiff was employed by Defendant CreditWorks and was not paid minimum wages. Indeed Plaintiff was not paid **any** compensation for her hours worked in the following months:

   a. August 2019;

   b. October 2019 through January 2020;

   c. March 2020 and April 2020;

   d. July 2020 and August 2020; and

   e. October 2020.

19. Defendant CreditWorks was obligated to compensate Plaintiff at least minimum wage for all hours she worked.

20. Defendant CreditWorks violated the FLSA by failing to pay Plaintiff minimum wage for the hours she worked.

21. By failing to pay Plaintiff's compensation due under the FLSA, Defendant CreditWorks willfully and knowingly violated the provisions of the FLSA, which require a minimum wage to be paid to employees.

22. As a result of Defendant CreditWorks's willful and unlawful practice of paying less than the required rate and amount, Plaintiff was damaged.

WHEREFORE, Plaintiff respectfully requests that this Court award compensatory damages, including all compensation owed, liquidated damages in an amount equal to the compensation owed pursuant to 29 U.S.C. §216(b), attorneys' fees and costs under the Fair Labor Standards Act against Defendant CreditWorks, and such other monetary and equitable relief as this Court deems just and proper.

## COUNT II - FLSA VIOLATION
**(Plaintiff against Defendant Marion Hardie Mathes)**

23. Plaintiff re-states the allegations set forth in paragraphs 1-16, as if fully set forth herein.

24. At all relevant times, Plaintiff was employed by Defendant Marion Hardie Mathes as an employee engaged in commerce, pursuant to 29 U.S.C. § 206(a) and was not paid a minimum wage, as set forth above.

25. Defendant Marion Hardie Mathes was obligated to compensate Plaintiff at least minimum wage for all hours she worked.

26. Defendant Marion Hardie Mathes violated the FLSA by failing to pay Plaintiff minimum wage for the hours she worked.

27. By failing to pay Plaintiff compensation due under the FLSA, Defendant Marion Hardie Mathes willfully and knowingly violated the provisions of the FLSA, which require a minimum wage to be paid to all employees.

28. As a result of Defendant Marion Hardie Mathes willful and unlawful practice of paying less than the required rate and amount, Plaintiff was damaged.

WHEREFORE, Plaintiff respectfully requests that this Court award compensatory damages, including all compensation owed, liquidated damages in an amount equal to the compensation owed pursuant to 29 U.S.C. §216(b), attorneys' fees and costs under the Fair Labor Standards Act against Defendant Marion Hardie Mathes, and such other monetary and equitable relief as this Court deems just and proper.

### COUNT III – Retaliation Under FLSA
### (Plaintiff against Defendants CreditWorks and Marion Hardie Mathes)

29. Plaintiff re-alleges the allegations set forth in paragraphs 1-16, as if fully set forth herein.

30. Plaintiff complained to Defendants CreditWorks and Marion Hardie Mathes that she was not being paid her wages in violation of, *inter alia*, the FLSA. Indeed, on or about October 7, 2020, Plaintiff, through counsel, sent a letter to Marion Hardie Mathes as Chief Executive Officer of CreditWorks objecting to Defendants' actions.

31. Defendants CreditWorks and Marion Hardie Mathes's actions violated the FLSA, or in the alternative, Plaintiff had a good faith basis to believe that Defendants actions violated the FLSA.

32. As a result of Plaintiff's complaints, Defendants CreditWorks and Marion Hardie Mathes terminated Plaintiff's employment on or about October 23, 2020.

33. Defendants CreditWorks and Marion Hardie Mathes's reasons for Plaintiff's discharge were pre-textual.

34. CreditWorks and Marion Hardie Mathes's actions were directly related and in response to Plaintiff's complaints about improper minimum wage compensation.

35. As a result of Defendants' actions, Plaintiff was damaged.

WHEREFORE, Plaintiff respectfully requests that this Court award compensatory damages, including all compensation owed, liquidated damages in an amount equal to the compensation owed pursuant to 29 U.S.C. §216(b), attorneys' fees and costs under the Fair Labor Standards Act against Defendants CreditWorks and Marion Hardie Mathes, and such other monetary and equitable relief as this Court deems just and proper.

## COUNT IV – BREACH OF ORAL CONTRACT
**(Plaintiff against Defendant CreditWorks)**

36. Plaintiff re-alleges the allegations set forth in paragraphs 1-16, as if fully set forth herein.

37. In 2018, Plaintiff entered into an oral agreement with Defendant CreditWorks in which Plaintiff would provide Defendant CreditWorks with labor at an agreed salary of $15,000 per month.

38. Plaintiff provided the agreed upon labor and services to and on behalf of Defendant CreditWorks.

39. Defendant CreditWorks breached the terms of the agreement by, *inter alia*, defaulting on their obligations to pay the Plaintiff's compensation.

40. As a result of Defendant CreditWorks's failure to comply with their obligations, Plaintiff was damaged.

WHEREFORE, Plaintiff requests that this Court award damages against Defendant, CreditWorks, and such other monetary and equitable relief as this Court deems just and proper.

### COUNT V– Unjust Enrichment
### (Plaintiff against Defendant CreditWorks)

41. Plaintiff re-alleges the allegations set forth in paragraphs 1-16, as if fully set forth herein.

42. Plaintiff provided labor to Defendant CreditWorks and it received and accepted the benefits of the labor provided by Plaintiff.

43. Plaintiff is entitled to be paid a reasonable value for the labor she provided to and on behalf of Defendant CreditWorks.

44. Defendant was unjustly enriched in that they accepted the benefits of the labor performed by Plaintiff, but it failed to pay Plaintiff for such benefits.

WHEREFORE, Plaintiff requests that this Court award damages against Defendant CreditWorks, and such other monetary and equitable relief as this Court deems just and proper.

Dated: November 6, 2020.

Respectfully submitted,

DAMIAN & VALORI LLP
*Attorneys for Plaintiff*
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
Telephone:  (305) 371-3960
Facsimile:  (305) 371-3965

/s/ Peter F. Valori
PETER F. VALORI, ESQ.
  Florida Bar No.: 0043516
  E-mail:  pvalori@dvllp.com
ADAM SCHULTZ, ESQ.
  Florida Bar No.: 121111
  E-mail:  aschultz@dvllp.com